IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OTTO ROUSSEAU,

        Plaintiff,

v.                                          CIV-08-0383 JB/LAM

CARL CLELAND, PPD, et al.,

        Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

Having reviewed Plaintiff's ***Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*** (*Doc. 1*),

materials submitted by the parties in response to the Court's ***Order Directing Submission of***

***Martinez Report*** (*Doc. 21*),[3] the record of this case and relevant law, the Court recommends, for the

---

[1]**Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within ten (10) days after being served with a copy of the objections.**

[2]Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court may dismiss any claim in a complaint filed *in forma pauperis* which fails to state a claim on which relief may be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dep't. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999) (citation omitted). In reviewing Plaintiff's complaint for dismissal under Section 1915(e)(2)(B)(ii), the Court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (citing *Perkins*, 165 F.3d at 806).

[3]These materials consist of ***Defendants' Martinez Report*** (*Doc. 25*) and ***Plaintiff's Response to the Defendants['] Martinez Report*** (*Doc. 31*). The Court notes that ***Plaintiff's Response to the Defendants['] Martinez Report*** was originally filed with missing pages as *Document 29*, and it was subsequently re-filed, in complete

(continued...)

reasons set forth below, that Plaintiff's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* (*Doc. 1*) and this case be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted, and *Defendants' Motion for Summary Judgment* (*Doc. 36*) be denied as moot.

### *Factual and Procedural Background*

Plaintiff is an inmate proceeding *pro se* and *in forma pauperis* who initiated this case on April 11, 2008, by filing his *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* (*Doc. 1*). Because Plaintiff is a *pro se* litigant, the Court construes his pleadings liberally, holding them to a less stringent standard than formal pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's complaint asserts civil rights claims pursuant to 42 U.S.C. § 1983 and names as defendants Carl Cleland and Estevan Sepulveda whom he alleges are state probation officers. *See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* (*Doc. 1*) at 1-2.[4] Plaintiff alleges that on November 13, 2006, he brought his wife, Tekisha Johnson, to report to her state probation officer, Eric Erickson, who then arrested her for being late to her appointment. *Id.* at 3. Plaintiff alleges that Defendants approached him in his vehicle under the guise of accompanying his wife outside to record the license number of the vehicle. *Id.* He alleges that Defendants then ordered him out of the vehicle at gunpoint and detained him while they conducted a warrantless search of his vehicle. *Id.* at 3, 6. He alleges that Defendants seized his house keys, while holding him at gunpoint, and then told him to leave or they would arrest him for trespassing. *Id.* at 3-4, 6. He alleges that

---

[3](...continued)
form, as *Document 31*.

[4]Unless otherwise indicated, all page numbers cited herein are to those in the Court's CM-ECF electronic docketing system.

Defendants, accompanied by Albuquerque Police Department officers, then went to his house and, using his house keys, Defendants entered his house and conducted a warrantless search of his house. *Id.* at 4. He alleges that currency and narcotics were seized during the search of his house and he was arrested on drug trafficking and possession charges. *Id.* Plaintiff alleges that the vehicle he was driving which was searched was not registered to him or his wife or to anyone on probation. *Id.* at 6. He alleges that he is not on parole or probation. *Id.*

Plaintiff further alleges that the foregoing actions by Defendants, leading to his arrest on drug trafficking and possession charges, violated his right under the Fourth Amendment to the U.S. Constitution to be free from unreasonable searches and seizures. *Id.* at 5. Thus, the Court liberally construes his claims against Defendants as being ones of unlawful detention, unlawful seizure of his house keys, unlawful searches of his vehicle and house, and unlawful arrest, in violation of the Fourth Amendment. In his complaint, Plaintiff does not specify the relief he seeks in this case. *See **Civil Rights Complaint Pursuant to 42 U.S.C. § 1983** (Doc. 1)* at 8.

Defendants admit that Plaintiff's wife had an appointment with her probation officer, Eric Erickson, on November 13, 2006, and admit that they approached Plaintiff's vehicle. *See **Answer to Civil Rights Complaint** (Doc. 19)* at ¶¶ 5, 7. However, Defendants deny that they ordered Plaintiff out of the vehicle at gunpoint, deny that Plaintiff was illegally seized, deny that they performed a warrantless search of Plaintiff's vehicle and illegally seized his house key, deny that they told Plaintiff to leave or they would arrest him for trespassing, deny that they performed a warrantless search of Plaintiff's residence and deny that their conduct was illegal. *Id.* at ¶¶ 8, 10-13, 15. Defendants admit that they found a large quantity of narcotics at Plaintiff's residence. *Id.* at ¶ 14. In addition, Defendants explain that the search of Plaintiff's residence was based on

reasonable suspicion that Plaintiff's wife was in violation of her probation order.  *See **Defendants'***

***Martinez Report*** (*Doc. 25*) at 5.

The pleadings in this case indicate that criminal charges were filed against Plaintiff in

connection with the events of November 13, 2006, but fail to indicate the disposition of those

charges.  *See **Correspondence to Defendants['] Answer to Civil Rights Complaint . . [.] EXHS, 1,***

***2, 3, 4, 5 Attached*** (*Doc. 20*), Exhibit 1.  The pleadings in this case further demonstrate that Plaintiff

was arrested "[b]ased on the . . . amount of cocaine found within [Plaintiff's] residence."  *Id.*

Consequently, the Court ordered a *Martinez* report in this case to determine, in part, whether

dismissal of this case under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), or a stay of this case,

was warranted until the criminal case was resolved.  *See **Order Directing Submission of Martinez***

***Report*** (*Doc. 21*) at 3.

The materials submitted by Plaintiff in *Document 20* show that cocaine and cash were found

during the search of Plaintiff's residence by New Mexico probation officers on November 13, 2006.

*See **Correspondence to Defendants['] Answer to Civil Rights Complaint . . [.] EXHS, 1, 2, 3, 4,***

***5 Attached*** (*Doc. 20*), Exhibits 1, 2 and 4.  Plaintiff's wife was arrested at the residence and the

probation officers then returned to their office where Plaintiff was waiting for his wife and Plaintiff

was arrested by a City of Albuquerque police detective.  *Id.*, Exhibits 1, 2, 4 and 5.  As a result of

the residence search on November 13, 2006, Plaintiff was charged in Case No. CR 07-02907 in

the Second Judicial District Court in Bernalillo County, New Mexico, with trafficking

(by possession with intent to distribute cocaine) and conspiracy to commit trafficking (by possession

with intent to distribute cocaine).  *See **Defendants' Martinez Report*** (*Doc. 25*), Exhibit G.

On September 25, 2008, Plaintiff pleaded guilty to trafficking (by possession with intent to

distribute cocaine) committed on or about November 13, 2006, in Case No. CR 07-02907

(consolidated with Case No. CR 07-02955). *See Defendants' Martinez Report* (*Doc. 25*), Exhibit I; docket entry dated September 25, 2008, in Case No. CR 07-02907 (consolidated with Case No. CR 07-02955), Second Judicial District Court, Bernalillo County, New Mexico, New Mexico State Judiciary website at http://www.nmcourts.com.[5]  This plea agreement was approved by the state District Court as evidenced by the judge's signature thereon. *See Defendants' Martinez Report* (*Doc. 25*), Exhibit I (*Doc. 25-4*) at 11.  Plaintiff was sentenced for this, and for convictions on other charges, to a total of twenty-one years of imprisonment of which eleven years were suspended, for an actual term of ten years, followed by two years of parole. *See Defendants' Martinez Report* (*Doc. 25*), Exhibit I (*Doc. 25-4*) at 9; docket entry dated September 25, 2008, in Case No. CR 07-02907 (consolidated with Case No. CR 07-02955), Second Judicial District Court, Bernalillo County, New Mexico, New Mexico State Judiciary website at http://www.nmcourts.com. In his plea agreement, Plaintiff specifically waived the right to appeal "as long as the court's sentence is imposed according to the terms of this agreement." *See Defendants' Martinez Report* (*Doc. 25*), Exhibit I (*Doc. 25-4*) at 9.  The docket sheet for Case No. CR 07-002907 (consolidated with Case No. CR 07-02955) does not show that any direct appeal or state habeas corpus proceeding have been filed by Plaintiff.  Nor is there any indication in the record of this case, or the Court's CM-ECF electronic docketing system, that Plaintiff has filed a federal habeas corpus proceeding challenging his state court conviction or sentence under 28 U.S.C. § 2254.

---

[5]Pursuant to its discretion to do so, the Court takes judicial notice of docket entries in Case Nos. CR-07-0297 and CR-07-02955. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting court's discretion to take judicial notice of "publicly-filed records" in its own court and in certain other courts "concerning matters that bear directly upon the disposition of the case at hand (citation omitted)).

*Analysis*

This case is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983.  In *Heck v. Humphrey*, the Supreme Court held that to maintain a claim for damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87.  The Supreme Court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487.  Consequently, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*  Heck was later extended to include a § 1983 claim seeking declaratory relief, *see Edwards v. Balisok*, 520 U.S. 641, 648 (1997), and the Tenth Circuit applied *Heck* to bar a § 1983 plaintiff's claims for declaratory and injunctive relief in *Lawson v. Engleman*, 67 Fed. Appx. 524, 2003 WL 21300347, at ** 1 n. 2  (10th Cir. June 6, 2003) (unpublished).

Here, regardless of whether Plaintiff seeks an award of damages or declaratory or injunctive relief, his unlawful search and seizure claims necessarily imply the invalidity of his conviction or sentence in Case No. CR 07-02907.  Plaintiff challenges the constitutionality of the entire chain of events leading up to the search of his residence that produced the cash and cocaine which implicated him in drug trafficking, and was the basis for his arrest.  Importantly, Plaintiff was arrested and

charged with drug trafficking in Case No. CR 07-02907 only after the probation officers found the cash and cocaine during the search of his residence authorized by the terms of his wife's probation, and the cocaine was the only drug supporting his conviction of trafficking in Case No. CR 07-02907. Thus, success on Plaintiff's § 1983 unlawful search and seizure claims would "necessarily imply" that he was improperly convicted in his state criminal case. *Heck*, 512 U.S. at 487. Plaintiff's alleged injury in this case is the injury of having been convicted and imprisoned based on what he contends was evidence derived from the unlawful search of his residence and unlawful events that preceded that search. Under *Heck*, his claims are not cognizable until his conviction in Case No. CR 07-02907 is invalidated. *Id.* at 486-87.[6] Plaintiff fails to allege, and the record does not reflect, that he has previously obtained habeas corpus relief, or any other type of relief, invalidating his conviction entered in Case No. CR 07-02907. Therefore, his complaint and this case should be dismissed, without prejudice,[7] for failure to state a claim on which relief may be granted.

### *Conclusion*

Plaintiff's ***Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*** (*Doc. 1*) alleging violations of the Fourth Amendment related to events on November 13, 2006, fails to state a cognizable claim under 42 U.S.C. § 1983. Accordingly, his complaint and this case should be dismissed without prejudice, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which

---

[6]The Court notes that under *Heck*, a § 1983 suit for an allegedly unreasonable search "*may* lie even if the challenged search produced evidence . . . resulting in the § 1983 plaintiff's still-outstanding conviction." 512 U.S. 487, n.7 (emphasis added). However, the Court in *Heck* explained that such § 1983 suits would be appropriate in situations where the underlying conviction could have been based on "doctrines like independent source and inevitable discovery, . . . and especially harmless error." *Id.* Here, Plaintiff does not allege, nor does the record reflect, any evidence that Plaintiff's arrest was based on anything other than the challenged search of Plaintiff's residence. Plaintiff's § 1983 unlawful search and seizure claims, therefore, "necessarily imply that [his] conviction was unlawful," and must be dismissed pursuant to *Heck*.

[7]Dismissals of § 1983 claims under *Heck* are without prejudice. *See Beck v. City of Muskogee Police Dep't.*, 195 F.3d 553, 560 n. 5 (10th Cir. 1999) (citing *Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996)).

relief may be granted.  Additionally, *Defendants' Motion for Summary Judgment* (*Doc. 36*) should

be denied as moot.

**<u>RECOMMENDED DISPOSITION</u>**

For the foregoing reasons, the undersigned recommends that judgment be entered dismissing

Plaintiff's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* (*Doc. 1*) and this case without

prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief

may be granted.  The Court further recommends that *Defendants' Motion for Summary Judgment*

(*Doc. 36*) be **DENIED** as moot.

      *Lourdes A. Martínez*
      **LOURDES A. MARTÍNEZ**
      **UNITED STATES MAGISTRATE JUDGE**