IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**OTTO ROUSSEAU,**

      **Plaintiff,**

**v.**                                                **CIV-08-0383 JB/LAM**

**CARL CLELAND, State Probation Officer, et al.**

      **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL *(Doc. 47)*

**THIS MATTER** is before the Court on Plaintiff's *Motion for Appointment of Counsel* (*Doc. 47*) (hereinafter "*Motion*"), filed on June 22, 2009. In his *Motion*, Plaintiff requests appointment of counsel or "refer[ral] . . . to the Pro[]Bono program." *Id.* at 1. The Court construes Plaintiff's request for referral to the "Pro[]Bono program" as a request for referral to the Pro Se Civil Rights Selection Committee (hereinafter "Committee"). The Court has considered the motion, the record, and relevant law. For the reasons set forth below, the Court **DENIES** the motion.

There is no constitutional right to court-appointed counsel in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). In some civil cases, however, a district court may use its discretion to appoint counsel. 28 U.S.C. § 1915(e)(1). In considering whether to appoint counsel, courts consider "'[1] the merits of the litigant's claims, [2] the nature of the factual issues raised in the claims, [3] the litigant's ability to present his claims, and [4] the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). *See also Hill v. Smithkline Beecham Corp.*,

393 F.3d 1111, 1115 (10th Cir. 2004) (outlining the same four factors when district courts evaluate a request for appointment of counsel under § 1915).

Considering the first factor, the Court finds that Plaintiff's claims are without merit, as is more fully explained in the Court's ***Proposed Findings and Recommended Disposition*** *(Doc. 46)* (hereinafter **"*PF&RD*"**), filed June 18, 2009. In his complaint, Plaintiff challenges the constitutionality of the chain of events leading to his underlying arrest and conviction. ***Civil Rights Complaint Pursuant to 42 U.S.C. §1983*** (*Doc. 1*) (hereinafter "***Complaint***"). In its ***PF&RD***, however, the Court found that this challenge was not legally cognizable because the Plaintiff did not show that his underlying conviction and sentence had been reversed or otherwise called into question by a relevant tribunal or by an appropriate executive order. ***PF&RD*** *(Doc. 46)* at 6-7; *see generally Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (stating the standard when asserting the unlawfulness of actions "would render a conviction or sentence invalid"). Accordingly, Plaintiff's claims are not meritorious.

Secondly, he nature of the relevant factual issues are not complex and are not in dispute. All parties agree that Plaintiff's home was searched, that cocaine was found in Plaintiff's home, and that Plaintiff was consequently arrested. ***Complaint*** *(Doc. 1)* at 4; ***Defendants'*** **Martinez Report** *(Doc. 25)* at 5-6. The dispute here lies in the legal questions: whether the search of Plaintiff's home, the seizure of the cocaine, and the arrest of Plaintiff were lawful. These legal issues are straightforward. Indeed, the ***PF&RD*** *(Doc. 46)* addressed them in less than two pages. *Id.* at 6-7. Neither the nature of the factual issues nor the complexity of the legal issues warrants appointment of counsel at this time.

Most importantly, the Court finds that Plaintiff is adequately presenting his claims. Plaintiff asserts that because he does "not understand the [c]orrect Civil Code procedure that is needed to bring this [c]ivil matter to [its] proper [j]ustice," he should be appointed an attorney or be referred to the Committee. *Motion (Doc. 47)* at 1-2. Lack of legal training alone, however, is not grounds for appointment of counsel in a civil case. *See Abu-Fakher v. Bode*, No. 05-3132, 175 Fed. Appx. 179, 185 (10th Cir. Mar. 16, 2006) (unpublished) (upholding a district court's denial of counsel and noting that even though the pro se plaintiff lacked legal training, "the same may be said for any pro se claimant.").

Plaintiff states that he is a "native Cuban with a heavy Spanish dialect." *Motion (Doc. 47)* at 1. Plaintiff asserts that it is "very difficult" for him to understand English, and therefore, he requires assistance of counsel. *Id.* The record before the Court, however, reflects no indication that Plaintiff has trouble with English. For example, in two police reports related to the investigation of the underlying crime - reports which were submitted by Plaintiff himself - there is no mention of the need for an interpreter or a Spanish-speaking officer in the interviews of Plaintiff. *See Correspondence to Defendants['] Answer to Civil Rights Complaint . . [.] EXHS. 1, 2, 3, 4, 5 Attached (Doc. 20)* at 3, 9-10. Moreover, since Plaintiff filed his Complaint over fourteen months ago, he has submitted more than ten filings with the Court, none of which indicate a problem with English. To the contrary, the filings tend to show that Plaintiff understands the issues in the case and is adequately representing himself.

The Court finds that the litigant's claims are not meritorious, that the legal and factual issues are not complex, and that Plaintiff demonstrates an adequate ability to present his claims.

**IT IS THEREFORE ORDERED** that Plaintiff's request for referral to the Pro Se Civil Rights Selection Committee (*Doc. 47*) be **DENIED** at this time.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Appointment of Counsel* (*Doc. 47*) be **DENIED** at this time.

**IT IS SO ORDERED**.

_____
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**